# NORTON ROSE FULBRIGHT

February 12, 2015

**By Hand Delivery**

Norton Rose Fulbright US LLP
801 Pennsylvania Avenue, NW
Washington, D.C. 20004-2623
United States

Ms. Angela D. Caesar
Clerk of Court
United States District Court
for the District of Columbia
United States Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

**Matthew H. Kirtland**
**Partner**
Direct line +1 202 662 4659
matthew.kirtland@nortonrosefulbright.com

Tel +1 202 662 0200
Fax +1 202 662 4643
nortonrosefulbright.com

Re:  Gold Reserve Inc. v. Bolivarian Republic of Venezuela, No. 1:14-cv-02014-JEB
     Request for Service of Process on Respondent Bolivarian Republic of Venezuela

Dear Ms. Caesar:

We are writing on behalf of Petitioner Gold Reserve Inc. ("Gold Reserve") pursuant to 28 U.S.C. § 1608(a)(4), to request that you take all necessary steps to effect service in this matter on defendant Bolivarian Republic of Venezuela ("Venezuela").

Service in the courts of the United States must be made in accordance with 28 U.S.C. § 1608, which prescribes several alternate means of service, in descending order of preference. First, service may be made "in accordance with any special arrangement for service between the plaintiff and the foreign state . . . ." 28 U.S.C. § 1608(a)(1). This method of service was not available here, because no "special arrangement for service" exists between Gold Reserve and Venezuela.

Thus, Gold Reserve was required to attempt service "in accordance with an applicable international convention on service of judicial documents[.]" 28 U.S.C. § 1608(a)(2). The United States and Venezuela are both parties to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). Accordingly, Gold Reserve attempted to serve Venezuela in accordance with the Convention. On December 31, 2014, Gold Reserve's process server dispatched two copies of the relevant papers, in English and translated into Spanish, together with the necessary USM-94 request form, to the Central Authority of Venezuela, pursuant to Article 3 of the Hague Convention. According to Federal Express tracking records, these documents were received by the Venezuelan Central Authority on January 8, 2015. To date, no response has been received from the Venezuelan Central Authority to our request for service, or to the follow-up inquiries from our process server. Based on this, it does not appear that service can successfully be made under 28 U.S.C. § 1608(a)(2).

If service cannot be made under § 1608(a)(1) or (a)(2), the next prescribed method of service is by "any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of court to the head of the ministry of foreign affairs of the foreign state concerned[.]" 28 U.S.C. §

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

Ms. Angela D. Caesar
February 12, 2015
Page 2

NORTON ROSE FULBRIGHT

1608(a)(3). This method of service cannot be attempted here, however, because Venezuela has formally objected to service by mail under the Hague Convention.

Gold Reserve therefore must make service pursuant to 28 U.S.C. § 1608(a)(4). In such circumstances, two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state (in this case, Spanish) must be sent "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services[.]" 28 U.S.C. § 1608(a)(4). The Secretary of State will then transmit one copy of the papers through diplomatic channels to the foreign state.

Pursuant to 28 U.S.C. § 1608(a)(4), we are enclosing two copies of the following: (1) Summons in Civil Action; (2) Notice of Right to Consent to Trial Before a United States Magistrate Judge; (3) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge; (4) Petition to Confirm Arbitral Award; (5) [Proposed] Order; (6) Declaration of Matthew H. Kirtland, (7) Exhibits 1(A), 1(B), 1(C), 1(D), 2, 3, 4, 5 and 6 to the Declaration of Matthew H. Kirtland; and (8) Notice of Suit (attaching a copy of the Foreign Sovereign Immunities Act). We also are enclosing two copies of these documents translated into Spanish. Pursuant to 22 C.F.R. 22.1, we have prepared a cashier's check in the amount of $2,275, payable to the U.S. Embassy in Caracas. As instructed by the Court, we will include this check in the package before mailing.

We respectfully request that you take the necessary steps to dispatch these materials to the Secretary of State in accordance with 28 U.S.C. § 1608(a)(4). We have been informed that the following address should be used:

U.S. Department of State
CA/OCS/L
SA-17, 10th Floor
Washington, DC 20522-1710

You may contact me or my colleague Caroline Mew (202-662-4753) when the package is ready. In accordance with the court's instructions, we will take the package to the post office and return the stamped certified mail receipt to the Clerk's Office for further processing.

Thank you very much for your assistance. Please do not hesitate to contact us if you have any questions.

Very truly yours,

Matthew H. Kirtland

MHK
Enclosures