## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COLUMBIA

|  |  |
|---|---|
| GOLD RESERVE INC., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )      Civil Action No. 1:14-cv-02014-JEB |
| | ) |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | ) |
| | ) |
| Respondent. | ) |

### BOLIVARIAN REPUBLIC OF VENEZUELA'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PETITIONER'S REQUEST FOR ENTRY OF DEFAULT AND REQUEST TO SET ASIDE CLERK'S ENTRY OF DEFAULT

Respondent Bolivarian Republic of Venezuela ("Venezuela") hereby submits this memorandum of points and authorities in opposition to the "Request for Entry of Default" (Dkt. No. 10) filed by petitioner Gold Reserve Inc. ("Gold Reserve"). To the extent necessary, Venezuela also asks the Court to set aside pursuant to Fed. R. Civ. P. 55(c) the erroneous and premature declaration of default entered by the deputy clerk on March 27, 2015 (Dkt. No. 12).[1] Venezuela, through undersigned counsel, files this opposition and request in an abundance of caution, without conceding that it has been served in this action, and without waiver of its rights to seek dismissal of this action on the grounds of foreign sovereign immunity, lack of personal jurisdiction, and/or any other doctrine or defense that would otherwise be available to Venezuela.

### Venezuela Is Not In Default

Venezuela is not in default because Venezuela has not been served properly. As a foreign state, Venezuela must be served in accordance with the Foreign Sovereign Immunities

---

[1] Should the Court find it helpful to receive separate briefing on this request to set aside the entry of default, Venezuela is prepared to submit a separate motion addressing this issue.

Act ("FSIA," 28 U.S.C. § 1602 *et seq.*).  As set forth in the March 26, 2015 Declaration of

Matthew H. Kirtland ("Kirtland Declaration" Dkt. No. 10-1), Gold Reserve claims to have

effected service of process on Venezuela under 28 U.S.C. § 1608(a)(2) by attempting service

under the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial

Documents in Civil or Commercial Matters, T.I.A.S. No. 6638, 658 U.N.T.S. 163, (the "Hague

Convention").  The Kirtland Declaration unequivocally establishes, however, that Gold Reserve

*has not* effected service under the Hague Convention.  Gold Reserve has merely caused certain

papers to be delivered to Venezuela's Central Authority.  Dkt. No. 10-1 ¶¶ 5–6.  Receipt by the

Central Authority does not constitute service under the Hague Convention.  Rather, the Central

Authority, if it determines the request complies with the convention, must then cause service to

be made under local law.  Hague Convention, Arts. 4–5.[2]  Upon completion of service, the

Central Authority then notifies the requesting party through a certificate that states the method,

place and date of service and the name of the person to whom the document was delivered.  *Id.*

Art. 6.

Gold Reserve has not provided the Court with any certificate of service from the

Venezuelan Central Authority.  That is because the Venezuelan Central Authority has not

completed service.  Rather, as the Kirtland Declaration acknowledges (albeit only in a footnote),

the Venezuelan Central Authority determined that Gold Reserve's request did not comply with

the provisions of the Hague Convention and so informed Gold Reserve, specifying its objections

to Gold Reserve's request.  Dkt. No. 10-1 at 3 n.1 & Exhibit A (Dkt. No. 10-2).[3]

---

[2] The important right of each country's central authority to determine whether a request for service complies with
the Hague Convention would be eviscerated under Gold Reserve's unsupported assertion that receipt of the request
by the Venezuelan Central Authority constitutes service upon Venezuela. Dkt. No. 10-1 ¶ 7.

[3] While attorney Kirtland misattributes the Venezuelan Central Authority's objections to Venezuela and unilaterally
declares the Venezuelan Central Authority's objections to be "non-meritorious," for the purposes of this submission,

2

B4374357

Not only has Gold Reserve not effected service under the Hague Convention, Gold Reserve knows that it has not done so.  On February 12, 2015, Gold Reserve filed a letter asking the clerk to take steps to effect service upon Venezuela under 28 U.S.C. § 1608(a)(4).  Dkt. No. 6.  In that letter—written more than a month *after* Gold Reserve now claims it served Venezuela under the Hague Convention—attorney Kirtland states "it does not appear that service can successfully be made under 28 U.S.C. § 1608(a)(2)."  *Id.* at 1.  The February 12 letter from attorney Kirtland, like the March 26 declaration from attorney Kirtland, informs the Court that FedEx tracking records show that the request for service was received by the Venezuelan Central Authority on January 8, 2015.  Dkt. No. 7 at 1; Dkt. No. 10-1 ¶ 6.  On February 12, Gold Reserve said that fact meant Venezuela *could not be* served under the Hague Convention.  Dkt. No. 7 at 1.  On March 26, Gold Reserve said that fact meant Venezuelan *had been* served under the Hague Convention.  Dkt. No. 10-1 ¶ 7.

The assertion that Venezuela could not be served under the Hague Convention was not made lightly.  It was an essential component of Gold Reserve's February 12 request to the clerk because Gold Reserve's inability to complete service under the Hague Convention is a prerequisite to attempting service under 28 U.S.C. § 1608(a)(4).  If Gold Reserve believed that it could complete service (or that it had already completed service) under the Hague Convention, it could not in good faith ask the clerk to send letters to the United States Secretary of State to attempt delivery through diplomatic channels.[4]

---

it is enough to note that Gold Reserve acknowledges that the Venezuelan Central Authority objected to the request for service, rather than certifying that service was made on Venezuela.

[4] Not that the Court should accept Gold Reserve's February 12 assertion that service could not be completed under 28 U.S.C. § 1608(a)(2).  That service had not been completed in the roughly one month after Gold Reserve transmitted its request is not evidence that service could not be made under the Hague Convention; international service of process is necessarily a time-consuming endeavor.  Indeed, as Gold Reserve acknowledges, Dkt. No. 10-1 at 3 n.1, the process was ongoing even as Gold Reserve was telling the Court that it could not be completed.  Dkt. No. 10-2.  Gold Reserve does not state when it received the Venezuelan Central Authority's letter, but it appears

B4374357

In short, service has not been completed under the Hague Convention or otherwise and, therefore Venezuela's time to answer, move or otherwise respond to Gold Reserve's petition has not begun to run, much less expired.

### The Clerk's Entry Of Default Was In Error

Gold Reserve's Request for Entry of Default was filed at some point on March 26, 2015; less than a day later, today, the deputy clerk entered a default against Venezuela.  The entry of default by the deputy clerk is in error and, to the extent necessary, Venezuela requests that it be set aside because, as discussed above, Gold Reserve's own submissions to this Court establish that Venezuela was never served under 28 U.S.C. § 1608(a)(2) or any other method.[5]  Moreover, Gold Reserve has not satisfied the requirements for judgment by default under the Hague Convention and should not be permitted to jump the gun on that process.

Article 15 of the Hague Convention provides the circumstances under which judgment can be entered against a defendant who has not appeared after service has been attempted under the convention.  The second paragraph of Article 15 applies where, as here, there has been no certificate of service from the central authority.  Under that paragraph, Gold Reserve must show, in relevant part, that (1) "a period of time of not less than six months, considered adequate by the judge in that particular case, has elapsed since the date of the transmission of the document;" and (2) "no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed."  Hague Convention,

Gold Reserve has made no effort to address the Central Authority's objections.  Accordingly, the Court should not permit Gold Reserve to attempt to complete service under 28 U.S.C. § 1608(a)(4)—and should require Gold Reserve to take any necessary steps to cease any efforts to achieve service in this manner—unless and until Gold Reserve shows that service cannot be completed under 28 U.S.C. § 1608(a)(2).

[5] Local Rule 7(g) notwithstanding, Gold Reserve's incomplete attempt at service and the clerk's rapid and erroneous entry of default should not work to prejudice Venezuela by forcing it to file a premature and potentially unnecessary answer or motion in response to Gold Reserve's petition.  Should Gold Reserve complete service upon Venezuela consistent with the FSIA, Venezuela would provide a proper and timely response.

B4374357

Art. 15.  Gold Reserve cannot satisfy either requirement.  Gold Reserve admits that its request

was transmitted less than three months ago.  Dkt. No. 10-1 ¶ 5.  Further, Gold Reserve has made

no effort to obtain any certificate from Venezuela's Central Authority; instead it asserted to the

Court that service could not be made under the Hague Convention and tried to move on to the

next manner of service permitted under the FSIA.  Dkt. No. 7.  It appears Gold Reserve has not

even made an attempt to resolve or address the objections communicated by Venezuela's Central

Authority.  It is therefore premature for Gold Reserve to begin the process of obtaining a default

judgment against Venezuela at this time and under these circumstances.[6]

     WHEREFORE, Venezuela respectfully requests that the Court deny Gold Reserve's

Request For Entry Of Default and, to the extent necessary, set aside the clerk's entry of default.

Respectfully submitted,

BOLIVARIAN REPUBLIC OF
VENEZUELA

By its attorneys,

  /s/ *Lawrence H. Martin*
Lawrence H. Martin (D.C. Bar # 476639)
lmartin@foleyhoag.com
Janis H. Brennan (D.C. Bar # 412100)
jbrennan@foleyhoag.com
FOLEY HOAG LLP
1717 K Street, N.W.
Washington, D.C. 20006
Telephone:  (202) 232-1200
Facsimile:  (202) 785-6687

Dated:  March 27, 2015

---

[6] Similarly, Gold Reserve has not satisfied the requirements for judgment by default under the FSIA.  Section
1608(e) provides, "No judgment by default shall be entered by a court of the United States . . . against a foreign state
. . . unless the claimant establishes the right to relief by evidence satisfactory to the court."

B4374357

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF),

and paper copies will be sent to those indicated as unregistered participants on March 27, 2015.


  /s/ *Lawrence H. Martin*
Lawrence H. Martin

B4374357